**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH JOHNSON, Jr., | No. 10-15043 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-02106-SI |
| v. | |
| MITCHELL CONNER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Joseph Johnson, Jr. appeals pro se from the district court's judgment in his

42 U.S.C. § 1983 action alleging that defendants violated his constitutional rights

in connection with his civil commitment proceedings under California's Sexually

Violent Predator Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo. *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam) (summary judgment and dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly dismissed Johnson's § 1983 municipal liability claim against Santa Clara County because its District Attorney acted as an agent of the state, not the county, in committing the alleged constitutional violations, and Johnson failed to state a viable claim that his constitutional deprivations resulted from any official county custom or policy. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *see also McMillian v. Monroe County*, 520 U.S. 781, 795 (1997) (state law informs whether a county employee is considered a state or county official for the purposes of § 1983 liability); *Pitts v. County of Kern*, 949 P.2d 920, 937 (Cal. 1998) (California district attorneys are under the direction of the state Attorney General and act as agents of the state when prosecuting cases).

The district court properly granted summary judgment for defendant Mayberg because there is no triable dispute as to whether Mayberg's use of an improperly-enacted Standardized Assessment Protocol caused Johnson's alleged constitutional injuries. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the

deprivation of which the plaintiff complains." (citation, internal quotation marks, and brackets omitted)).

Johnson's remaining contentions are unpersuasive.

**AFFIRMED.**